IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELIZABETH BLEVINS, et al.,        )
                                  )
    Plaintiffs                    )
vs.                               )   CIVIL ACTION NO. 15-0120-CG-B
                                  )
SEYDI VAKKAS AKSUT, et al.,       )
                                  )
    Defendants                    )

**ORDER**

This matter is before the court on the Plaintiffs' Appeal of the Magistrate's Order of April 17, 2015 staying discovery. (Doc. 100). For the reasons explained below, the court finds that the Order of April 17, 2015 (Doc. 95) should be affirmed.

Upon a party's appeal or objection to any non-dispositive matter assigned to the magistrate judge, the district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); accord San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp., 783 F.Supp. 1334, 1335 (S.D. Ala. 1992); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the definite and firm conviction that a mistake has been committed." Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 460 (M.D. Ala. 2001)(citations omitted).

The Magistrate Judge granted the motion of Defendant Vaughan Regional Medical Center ("Vaughn")(Doc. 13), "to the extent it seeks to stay discovery." (Doc. 95, p. 5). Defendant Vaughn had asserted that facial challenges attacking the sufficiency of a plaintiff's claim should be resolved before any discovery begins. Plaintiffs argued that they should be granted leave to conduct discovery in order to respond to certain issues raised in the numerous motions filed by Defendants. The Magistrate Judge noted the numerous dispositive motions pending, but found that it was in the best interests of all involved to stay discovery because the harm caused by a discovery delay was less than the possibility that some of the twenty plus claims will be dismissed and eliminate the need for such discovery. (Doc. 95, pp. 4-5).

Plaintiffs argue on appeal that jurisdictional discovery is potentially needed to respond to the motion to dismiss for lack of personal jurisdiction by LifePoint Hospital ("LifePoint") and that factual discovery is needed to respond to the remaining dispositive motions that rely upon a finding of facts. Plaintiff asserts that under Eaton v. Dorchester Dev., Inc., 692 F.2d 727 (11th Cir. 1982), the "Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." Ibid. at 731.

2

The court notes that Plaintiffs contend in their response to LifePoint's motion to dismiss that LifePoint is subject to personal jurisdiction in Alabama pursuant to RICO's provision for nationwide service of process: 18 U.S.C. § 1965(d).  As such, Plaintiffs assert that there is no need for a minimum contacts analysis that would require a factual determination.  Additionally, Plaintiff has moved to remand this case and the motion to remand must be resolved before the court can address the defendants' dispositive motions. See Nichols v. Se. Health Plan of Ala., Inc., 859 F.Supp. 553, 559 (S.D. Ala. 1993) (holding that motions to dismiss cannot be ruled upon when remand is proper).  If this court were to grant the motion to remand, then this court would never reach the other pending motions.  The court also notes that most of the issues raised in defendants' motions are facial attacks for which no evidence is needed.  In fact, Defendant Vaughn only moved to stay the case pending a determination of its motion to dismiss (Doc. 10), which it contends asserts only facial challenges.  Plaintiff is correct that in some of the motions Defendants have asserted factual challenges in addition to facial challenges.  For instance Baptist Medical Center South asserts that some claims are due to be dismissed against it because Dr. Aksut did not treat some of the plaintiffs at Baptist Medical Center South and has supported such contentions with affidavit evidence. (Doc. 20-1).

However, the Magistrate Judge only granted Vaughn's motion to stay discovery pending the resolution of Vaughn's facial challenges.

Although Plaintiffs apparently understood the Magistrate's order as staying discovery until all pending motions were ruled upon, the motion to stay only sought a stay pending the resolution of Vaughn's motion to dismiss and was only granted to that extent. The Magistrate Judge did not indicate that the court would rule on any factual challenges before Plaintiffs have an opportunity to conduct discovery. The Magistrate's Order stays all discovery, but if the court determines that factual evidence is necessary to resolve LifePoint's motion to dismiss or to resolve any other pending motions, the court will lift the stay before ruling on those motions. Because the motion to remand and Vaughn's motion to dismiss could significantly change the course of this action and alter the scope of discovery, the undersigned finds that the Magistrate Judge did not abuse her discretion in granting Defendant Vaughn's motion to stay discovery until Vaughn's motion to dismiss was resolved. Accordingly, the Magistrate's Order of April 17, 2015 (Doc. 95) is hereby **AFFIRMED.**

**DONE and ORDERED** this 29th day of April, 2015.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

4