IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH BLEVINS, et al., )<br>)<br>Plaintiffs )<br>vs. )<br>)<br>SEYDI VAKKAS AKSUT, et al., )<br>)<br>Defendants ) | CIVIL ACTION NO. 15-0120-CG-B |

**ORDER**

This matter is before the court on the Defendants' motion to vacate state court filing and to enjoin further actions in state court (Doc. 118), Plaintiffs' opposition thereto and motion to strike Defendants' motion (Doc. 120), and Defendants' reply (Doc. 121).  For the reasons explained below, the Court finds that Plaintiffs' motion to strike is due to be denied and that Defendants' motion should be granted in part, to the extent that the Court will enjoin the current Plaintiffs and their counsel from proceeding in state court.

This case was removed to this Court from the Circuit Court of Dallas County, Alabama, on March 6, 2015, and discovery is currently stayed pending a ruling on Plaintiffs' motion to remand. (Docs. 1, 95).  On May 11, 2015, a First Amended Complaint was filed in the Circuit Court of Dallas County, Alabama under the same heading and case number as the original complaint. (Doc. 118-1).  The First Amended Complaint adds numerous new plaintiffs and incorporates by reference "paragraphs 1-418 of the original Complaint, as if fully set-out herein." (Doc. 118-1, p. 19).

Defendants ask this Court to vacate Plaintiffs' First Amended Complaint and to enjoin Plaintiffs from taking further actions in state court.  Defendants point out that it is well-settled law that upon the filing of a notice of removal, the jurisdiction of the state court ceases and jurisdiction in federal district court immediately attaches. Defendants argue that this court can vacate the First Amended Complaint under the All Writs Act, which provides that a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  Plaintiffs, on the other hand, contend that the All Writs Act does not apply because the First Amended Complaint is not brought by the removed defendants, but by new defendants whose claims have not been removed.  Plaintiffs contend that the new plaintiffs are not before this Court.  Plaintiffs also assert that the All Writs Act cannot be used to enjoin state court in personam proceedings.

While Plaintiffs are correct that the new plaintiffs are free to file their claims in the court of their choosing, they cannot piggy back onto the current action and then claim they are not subject to its proceedings.  "When a removal petition is filed and proper notice is given, the entire case is transferred to the federal district court." Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1251 (11th Cir. 1988) (citations omitted).  This entire case was removed to the jurisdiction of this Court

2

and any new plaintiffs must either file a separate action or seek to join the action currently before this Court. The removal statute expressly provides that upon removal "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "Any subsequent proceedings in state court on the case are void *ab initio*." Maseda, 861 F.2d at 1254-55 (citation omitted). "Several court decisions also have recognized the power of federal courts to enjoin state courts from proceeding in a removed case." Id. at 1255 (citing Adair Pipeline Co. v. Pipeliners Local Union No. 798, 325 F.2d 206 (5th Cir. 1963); E.D. Systems Corp. v. Southwestern Bell Telephone Co., 674 F.2d 453, 458 (5th Cir. 1982); Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, 842 (1st Cir.1988); Bean v. Clark, 226 Miss. 892, 85 So.2d 588 (1956)). However, it is not clear that taking the drastic step of enjoining the state court is necessary in this situation. The state court Case Action Summary shows that the last action in the case was the e-filing of the Amended Complaint on May 11, 2015. (Doc. 121-1). There has been no contention that the Circuit Court of Dallas County, Alabama, has proceeded with the case in any manner and this Court presumes that the state court will comply with federal law. See Grondahl-Mascari v. Senterfitt, 2008 WL 494676, *4 (N.D. Fla. 2008) (finding an injunction unnecessary and noting that "[t]he state courts of Florida will

3

undoubtedly comply with federal law and, indeed, prior experience confirms that presumption."[1]).

The new plaintiffs listed in the First Amended Complaint are not currently before this Court and this Court will not issue any injunction against those individuals.  However, their filing in state court is clearly void *ab initio* and, as argued by Defendants, "was analogous to filing [it] in [the plaintiffs'] kitchen drawer." Smith Pierre v. Fidelity Nat. Inem. Ins. Co., 2011 WL 3924178, *4 (S.D. Fla. Sept. 7, 2011) (citation and internal quotations omitted).  This Court does not recognize the First Amended Complaint as validly filed and Defendants are not required to respond to it.

This Court does find it appropriate to enjoin the current Plaintiffs and their counsel from attempting to proceed with any part of this case in the Circuit Court of Dallas County, Alabama.  As stated above, if Plaintiffs' counsel have clients that wish to file new claims, they are free to file them where they deem appropriate but, until and unless this case is remanded, they must do so in a separate action or seek

---

[1] While this Court's recent experience with the state and county courts of Alabama may differ somewhat from that of the federal courts of Florida at the time of the Senterfitt decision, this Court has faith that the Circuit Court of Dallas County, Alabama will follow federal law here.  In this case, there is no indication that the state court would have any objection to this Court assuming complete jurisdiction over this case until and unless the case is remanded.

joinder in this action with this Court.

## CONCLUSION

For the reasons stated above, the Defendants' motion to vacate state court filing and to enjoin further actions in state court (Doc. 118), is **GRANTED in part** to the extent that the **current Plaintiffs** and **Plaintiffs' counsel** are hereby **ENJOINED**, until and unless this case is remanded, from attempting to proceed in the Circuit Court of Dallas County, Alabama, with any claims in Case No. 15-cv-900040, except that Plaintiffs' counsel is **ORDERED** to file notice of this Order in the Circuit Court of Dallas County, Case No. 15-cv-900040.  The motion is **DENIED in part**, to the extent that this Court declines to enter an injunction against the Circuit Court of Dallas County, Alabama.

Plaintiffs' motion to strike Defendants' motion (Doc. 120), is **DENIED**.

**DONE and ORDERED** this 7th day of  July, 2015.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE