# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |
|---|---|
| **ELIZABETH BLEVINS**, *et al.*, | : |
| Plaintiffs, | : |
| vs. | : CIVIL ACTION NO. 15-00120-CG-B |
| **SEYDI VAKKAS AKSUT**, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Seydi Vakkas Aksut and Selma Heart Institute's Motion to Dismiss Plaintiffs' Amended More Definite Statement and Defendant Jackson Hospital & Clinic, Inc.'s, Motion to Dismiss Plaintiffs' Amended More Definite Statement. (Docs. 262, 263). The motions, which have been fully briefed and are ripe for resolution, have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendants' motions be **granted in part and denied in part.**

According to Counsel for Defendants, Plaintiffs have included only fifty-five of the original 179 plaintiffs in their Amended More Definite Statement, thereby rendering the claims of the remaining Plaintiffs abandoned as Plaintiffs' counsel did

not comply with the Court's order related to the filing of the Amended More Definite Statement.[1]

In an Order dated February 20, 2018, the Court directed Plaintiffs to file, by March 2, 2018, an amended "More Definite Statement" that "specifically set[] forth, for each remaining Plaintiff, by name and associated paragraph number from the complaint, each specific medical procedure that forms the basis of his or her claims against Defendants, along with a statement of why said Plaintiff contends each said procedure was medically unnecessary, the date of the procedure(s), and the location of said procedure(s)."  (Doc. 256).  On March 2, 2018, Plaintiffs filed an Amended More Definite Statement, which listed a total of fifty-five Plaintiffs.  The remaining Plaintiffs were omitted without explanation.  In light of such, it appears that the omitted Plaintiffs have elected against further participation in this case, or have lost interest in this action as they have failed to comply the Court's directives.

Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendants' motions are due to be **granted in part and denied in part** and that, with the exception of the fifty-five Plaintiffs included in Plaintiffs' Amended More Definite Statement,[2] the claims of

---

[1] Defendants also reassert previously unsuccessful arguments that have been denied by this Court; thus, to the extent said grounds have been reasserted, the motions are due to be denied on the grounds previously stated.  (Docs. 262, 263).

[2] Those fifty-five Plaintiffs who are not recommended for dismissal are as follows: Johnny Abrams (¶1); Timeria Baker (¶

all remaining Plaintiffs in this action should be **DISMISSED** for failure to prosecute and/or failure to obey an order of this Court.

This action is set for a status conference on **June 4, 2018** at **1:00 p.m.** in Courtroom 1A. Counsel for the parties are directed to meet and confer regarding a Rule 26(f) report, and to file a joint report no later than **May 25, 2018**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. LR 72.4. The parties

---

2); Elizabeth Blevins (¶5); Willie Blevins (¶140); Louise Boone (¶8); Bruce Boynton (¶10); Ethel Brown (¶13); Leatha Burrell (¶15); Tacia Carson(¶18); Theodore Carter (¶19); Benjamin Craig (¶22); Barbara Dawson (¶141); Willie Edwards (¶30); Rosemary Ervin (¶142); Ada C. Fullenwilder (¶36); Allen Gant (¶38); Dennis Gee (¶39); Charles Giles (¶144) ; Joseph Hall (¶147); Aaron Harrell (¶45); Charles Hatcher (¶46); Floyd Hatcher (¶47); Ethel Heard (¶48); Fannie Lee Jackson (¶52); Shirley Ann Jackson (¶53); Thelma Johnson (¶58); Millie Jones (¶157); Willie King (¶60); Jeannette Curry, Personal representative of Ruby Mae Kinney (¶61); Flora Lawrence (¶62); Louis Lee (¶63); Harold Lemon (¶158); Theresa Minter (¶79); Viola Mitchell (¶82); Diane Moore (¶167); Gwendolyn Moore (¶83); Johnnie Moore (¶84); Jimmy Morton, Jr. (¶168); Dorothy Oliver (¶90); Ethel Paige (¶91); Beverly Parker (¶92); Benjamin Perry (¶97); Lorenzo Peterson (¶96); Barbara Posey (¶100); Marzetta Reeves (¶103); Robert Sanders (¶107); Panzy Seltzer (¶109); Joe Robert Smith, Jr. (¶173); Mildred Tompkins (¶123); Rosalind Tyus (¶125); John Watts (¶129); Dorothy Whitsett (¶127); Emma Whitt (¶180); Annie Williams (¶130); and Betty Wright (¶137).

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **17th** day of **April, 2018.**

                                                         **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**